**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**JOHN "JADA" PAGE,**

      **Plaintiff,**

**v.**                                       **CIVIL ACTION NO.**  2:22-cv-00186

**THE CHEMOURS COMPANY FC, LLC,**

      **Defendant.**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant The Chemours Company FC, LLC ("Chemours") hereby removes this action, which is now pending in the Circuit Court of Kanawha County, West Virginia as Civil Action No. 22-C-190, to the United States District Court for the Southern District of West Virginia. As detailed below, all statutory prerequisites for removal have been met.

## VENUE

1.      On or about March 2022, Plaintiff John "Jada" Page ("Page") commenced this civil action by filing a Complaint in the Circuit Court of Kanawha County, West Virginia styled John "Jada" Page v. The Chemours Company FC, LLC and designated Civil Action No. 22-C-190 (the "Civil Action"). As the Civil Action was filed in Kanawha County, West Virginia, this Court is the appropriate venue for removal. *See* 28 U.S.C. § 1441(a); L.R. Civ. P. 77.2.

## PLEADINGS AND OTHER PAPERS

2.      A Certified Copy of the Docket Sheet for the Civil Action maintained by the Circuit Court of Kanawha County, West Virginia is attached hereto as Exhibit A. Copies of the summons and complaint are attached hereto as Exhibit B in satisfaction of 28 U.S.C. § 1446(a).

## TIMELINESS OF REMOVAL

3.      Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal must be filed within 30 days after the receipt by the defendant of a copy of the initial pleading or summons.

4.      On March 21, 2022, Chemours actually received a copy of the Summons and Complaint in the Civil Action through certified mail to its registered agent CT Corporation. The service of process document from CT Corporation is attached hereto as Exhibit C.

5.      Thus, Chemours' deadline to remove the Civil Action is 30 days from March 21, 2022—or April 20, 2022. This Notice of Removal is timely filed on or before that deadline. *See e.g. Elliott v. Am. States Ins. Co*., 883 F.3d 384, 394 (4th Cir. 2018); *Martin-Evans v. Chesapeake Appalachia, LLC*, No. 5:15CV87, 2015 WL 5076992, at *4 (N.D.W. Va. Aug. 27, 2015) ("When a statutory agent of a defendant is served, "rather than on an agent appointed by the defendant, the time to remove the action to federal court does not start to run until the defendant actually has received a copy of the complaint.").

## FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION

6.      A defendant may remove a case from state to federal court where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. This is considered "federal question" jurisdiction.

7.      The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that a federal question must be presented on the face of the plaintiff's properly pleaded complaint. *Richards v. Appalachian Power Co*., 836 F. Supp. 2d 436, 439 (S.D.W. Va. 2011).

8.      In cases where federal law creates the cause of action in the complaint, the district courts of the United States unquestionably have federal subject matter jurisdiction. *Mulcahey v. Columbia Organic Chemicals Co., Inc.,* 29 F.3d 148, 151 (4th Cir. 1994).

9.      In the Complaint that Page filed in the Civil Action, Count I includes a clear and unambiguous allegation of violation of a federal law—Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e-2 *et seq* ("Title VII"). *See* Exhibit B (Complaint ¶¶ 22-26).

10.      Furthermore, Count II also appears to allege violation of Title VII, as it (a) alleges hostile work environment, (b) does not specifically reference any other statute, (c) is based on the same protected classification under Title VII (sexuality orientation and gender identity) that is pled in Count I, and (d) incorporates prior paragraphs by reference, including those in Count I that explicitly reference Title VII. *Id.* (Complaint ¶¶27-30). Accordingly, two of the three claims asserted by Page are violations of Title VII.

11.      The violation of Title VII provides a basis for federal subject matter jurisdiction. *See, e.g., Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1850, 204 L. Ed. 2d 116 (2019) (holding that "[f]ederal courts exercise jurisdiction over Title VII actions pursuant to 28 U.S.C. § 1331's grant of general federal-question jurisdiction, and Title VII's own jurisdictional provision, 42 U.S.C. § 2000e–5(f)(3)").

12.      Because the Complaint, on its face, alleges violations of federal law, this case is one that may be removed to this Court pursuant to 28 U.S.C. §§1441 and 1446.

13.      Furthermore, federal jurisdiction may be exercised over the supplemental state law claims, so long as the claims are related and are part of the same case or controversy. 28 U.S.C. §§ 1367 and 1441.

14.     Page's third and final claim is for wrongful termination under state law expressed in *Harless v. First Nat'l Bank*, 162 W.Va. 116, 246 S.E.2d 270, 271 (1978). *See* Exhibit B (Complaint ¶¶31-35). Page's termination is therefore the basis for both Page's Count III wrongful termination claim (brought under state law) and Page's Count I discrimination claim (brought under federal Title VII law). *Id.* (compare Complaint ¶¶23-24 and ¶34). Furthermore, all three of Page's claims in the Complaint are related and are part of the same case or controversy, namely Page's employment at Chemours. Accordingly, this Court may exercise supplemental jurisdiction over Page's sole state law claim for wrongful termination.

15.     Overall, this Court has jurisdiction over all three claims in the Complaint.

## DIVERSITY JURISDICTION

16.     According to the Complaint, Plaintiff is a resident of Kanawha County, West Virginia. *See* Exhibit B (Complaint ¶ 1).

17.     The Chemours Company FC, LLC is a Delaware limited liability company with its principal place of business in Wilmington, Delaware. The Chemours Company is the 100% owner and sole member of The Chemours Company FC, LLC. The Chemours Company is itself a Delaware corporation with its principal place of business in Wilmington, Delaware. As such, The Chemours Company FC, LLC is a citizen of the State of Delaware.  *See Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101(4th Cir. 2011) (stating that the citizenship of an LLC is determined by the citizenship of all of its members).

18.     Because Plaintiff is a citizen of West Virginia and Chemours is a citizen of Delaware, the parties are completely diverse in satisfaction of 28 U.S.C. § 1332.

4

## AMOUNT IN CONTROVERSY

19.     To demonstrate that the jurisdictional amount has been met, a removing party must establish only that it is more likely than not that the amount in controversy exceeds $75,000. *McCoy v. Erie Ins. Co.,* 147 F. Supp. 2d 481, 489 (S.D.W. Va. 2001).

20.     While Plaintiff does not plead any specific amount of damages in their Complaint, they do seek various remedies, including wages-based damages like "front pay, back pay, lost wages, lost benefits, loss of future earnings, future loss of benefits, [and] financial hardship," damages for "emotional distress, anxiety, [and] embarrassment," punitive damages, and attorney's fees and costs. *See* Exhibit B (Complaint ¶¶36-40).

21.     In fact, based upon Plaintiff's last wage rate, their claim for back pay is sufficient on its own to satisfy the jurisdictional threshold. At the time of his termination, Plaintiff worked full time earning $37.68/hour. Assuming Plaintiff worked 40 hours per week in each of the 57 weeks between their date of termination (February 3, 2021) through the date they filed this lawsuit (March 2022), Plaintiff's claim for lost wages total over $85,900.00—exclusive of any bonuses or the value of any lost benefits for the same time period, which Plaintiff also seeks. This one type of damages is sufficient, on its own, to satisfy the amount in controversy. *See Sword v. Strata Mine Servs., LLC*, No. 2:17-CV-02163, 2017 WL 4202215, at *3 (S.D.W. Va. Sept. 21, 2017) (holding that defendant's calculation of plaintiff's lost wages claim was "enough to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.").

22.     Here, Plaintiff claims punitive damages. *See* Exhibit B (Complaint ¶¶38-40). Punitive damages may be included for the purpose of determining the amount in controversy. *Heller v. TriEnergy, Inc.*, 877 F. Supp. 2d 414, 428 (N.D.W. Va. 2012). As this Court has recognized, "a request for punitive damages where properly recoverable, inevitably inflates a

plaintiff's potential recovery." *Hicks v. Herbert*, 122 F. Supp. 2d 699, 701 (S.D. W. Va. 2000). Plaintiff's claim for punitive damages therefore "inevitably inflates" their potential recovery, and is to be included for the amount in controversy. *Id.*

23.     Finally, Plaintiff claims that he is entitled to attorneys' fees. *See* Exhibit B (Complaint ¶37). An award for attorneys' fees is "required" to be added to the value of the amount in controversy. *Weddington v. Ford Motor Credit Co*., 59 F. Supp. 2d 578, 585 (S.D.W. Va. 1999) (noting that the amount of an award for attorneys' fees "is likely to increase substantially" with discovery). Section 706(k) of Title VII authorizes a district court, in its discretion, to award the prevailing party reasonable attorney's fee. Accordingly, Plaintiff's claim for attorneys' fees is also included for the amount in controversy because it is statutorily provided in Title II.

24.     Therefore, viewing the Complaint in the light most favorable to the Plaintiff, the amount in controversy exceeds the $75,000 amount in controversy requirement for removal.

## NOTICE TO PARTIES AND STATE COURT

25.     Prompt written notice of this Notice of Removal is being sent to (a) the Clerk of Court for the Circuit Court for Kanawha County, West Virginia, and (b) Page, through his counsel of record, as required by 28 U.S.C. § 1446(d). Such notice is provided in the form of a contemporaneous filing of the "Notice of Removal to Federal Court" in the Civil Action, which includes as an exhibit this Notice of Removal and its accompanying exhibits.

**WHEREFORE**, Chemours respectfully requests that the instant Civil Action, currently pending in the Circuit Court of Kanawha County, West Virginia, be removed to this Court for all further proceedings.

**THE CHEMOURS COMPANY FC, LLC**

By Spilman Thomas & Battle, PLLC

/s/Eric W. Iskra
Eric W. Iskra (WV State Bar # 6611)
Chelsea E. Thompson (WV State Bar # 12565)
300 Kanawha Boulevard East (Zip 25301)
P.O. Box 273
Charleston, West Virginia  25321-0273
(304) 340-3800
(304) 340-3801 (fax)
eiskra@spilmanlaw.com
cthompson@spilmanlaw.com

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

JOHN "JADA" PAGE,

      Plaintiff,

v.                                       CIVIL ACTION NO. 2:22-cv-00186

THE CHEMOURS COMPANY FC, LLC,

      Defendant.

**CERTIFICATE OF SERVICE**

      I, Eric W. Iskra, do hereby certify that I served a true and exact copy of the foregoing

"**Notice of Removal**" on all parties of record by placing a true and accurate copy of the same in

the United States mail, postage prepaid, on this 18th day of April, 2022, addressed as follows:

Erika Klie Kolenich, Esquire
Klie Law Offices, PLLC
21 E. Main Street, Suite 160
Buckhannon, WV 26201
*Counsel for Plaintiff*

                               /s/Eric W. Iskra
                               Eric W. Iskra (WV State Bar # 6611)