```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

JOHN "JADA" PAGE,

    Plaintiff,

v().                                Civil Action No. 2:22-cv-00186

THE CHEMOURS COMPANY FC, LLC,

    Defendant.

### MEMORANDUM OPINION AND ORDER

Pending is plaintiff's objection to the court's amendment to the parties' agreed HIPAA protective order, filed December 19, 2022.  ECF 50.

### I.  Background

Plaintiff's complaint alleges causes of action for gender identity/sexuality discrimination under Title VII, hostile work environment, and wrongful termination.  See ECF 1-2.  Plaintiff has propounded several discovery requests on defendant which seek the protected health information of defendant's current and former employees.  In an attempt to safeguard these employees' protected health information, on November 9, 2022, defendant filed an "Agreed HIPAA Qualified Protective Order."  ECF 46.  During a telephone conference with

plaintiff and defense counsel, the court advised the parties of its concerns regarding the language of the agreed protective order. Following this telephone conference, defendant filed a second "Agreed HIPAA Qualified Protective Order." ECF 47. Still dissatisfied with the agreed protective order, the court proposed adding the following language:

> The protected health information of any and all current or former employees of The Chemours Company, FC, LLC, shall be shielded from public disclosure by use of coded names or numbers unless otherwise ordered by the court.

ECF 49. The court's order provided the parties with a briefing schedule to file objections to the proposed language. Id. Plaintiff's objection filed on December 19, 2022, asserts the names of defendant's employees are needed to prove she "was treated disparately from those in a similar position to hers." ECF 50 at 2. Plaintiff claims that without knowing the names of the employees, she will be unable to identify who "were transgender or gay." Id. Defendant's response filed on December 20, 2022, asserts plaintiff's counsel has previously agreed to defendant identifying the employees by only their initials, the names of the employees are not relevant to any claim at issue, and plaintiff is now improperly seeking to expand the scope of the agreed protective order to include mental health records. ECF 53 at 1-4. On December 22, 2022,

2

plaintiff filed her reply. ECF 60. In her reply, plaintiff claims the language proposed by the court "added to limit what information [defendant] would be required to provide" and forecloses the possibility of revisiting the issue of the employees' names being produced if it is later determined such information is relevant. Id. at 2-3.

## II. Discussion

The court finds plaintiff's objection to be without merit. First, at this stage, the names of defendant's employees are not relevant, as the names are not needed to prove plaintiff's claim. See Fed. R. Civ. P. 26(b)(1). Next, the court finds significant the undisputed fact that plaintiff's counsel has previously agreed to defendant identifying the employees by only their initials. See ECF 60-1 at 1-5. Indeed, in an email correspondence from plaintiff's counsel to defense counsel, plaintiff's counsel stated, "I am 'willing to permit [defendant] to redact the names of any other employee(s) who are identified and instead provide only initials for such employee(s).'" ECF 60-1 at 3.

Next, the court rejects plaintiff's contention that the proposed language limits the information defendant is required to produce or forecloses the possibility of revisiting the issue of whether the names of the employees should be

3

produced, as the proposed language in no way discusses these issues. Rather, the proposed language provides that the identity of the employees "shall be shielded from public disclosure by use of coded names or numbers <u>unless otherwise ordered by the court</u>. ECF 49 at 1 (emphasis added). The proposed language makes no mention of the scope of defendant's production. Finally, the court denies plaintiff's request for defendant to produce mental health records of its employees. The mental health records of defendant's employees are not relevant at this stage and moreover, the agreed protective order filed by the parties on December 14, 2022, makes no mention of the production of mental health records. <u>See</u> ECF 47.

Accordingly, the court OVERRULES plaintiff's objection. In a separate order the court shall enter the "Agreed HIPAA Qualified Protective Order" with the court's added language as heretofore proposed.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: January 4, 2023

John T. Copenhaver, Jr.
Senior United States District Judge

4