UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

JOHN "JADA" PAGE,

    Plaintiff,

v.                              Civil Action No. 2:22-cv-00186

THE CHEMOURS COMPANY FC, LLC,

    Defendant.

MEMORANDUM OPINION AND ORDER

Pending is plaintiff's motion to extend discovery deadline, which is to close on January 11, 2023, and vacate the scheduling order, filed December 19, 2022.  ECF 52.

Plaintiff presents two arguments in support of her motion.  First, plaintiff claims because defendant's motion to dismiss is still pending, defendant has yet to file its answer and affirmative defenses.  Accordingly, plaintiff avers she "would be significantly prejudiced if discovery in this matter were to close before she had knowledge of [d]efendant's alleged defenses in this matter."  ECF 52 ¶1.  Additionally, plaintiff asserts an extension of the discovery deadline is also warranted as she is unsure if a HIPAA protective order would be entered in time to allow the parties to complete discovery before the

discovery deadline on January 11, 2023. Id. ¶2. The HIPAA protective order has been entered this same date.

Defendant has filed a response in opposition to plaintiff's motion to extend the discovery deadline. ECF 54. Defendant asserts the parties have already completed ample discovery and are scheduled to complete the outstanding discovery prior to the discovery deadline on January 11, 2023. Id. ¶¶2-4. However, defendant conditions timely completion of discovery on the court's entry of the HIPAA protective order. Id. ¶3. As for plaintiff's argument concerning defendant's affirmative defenses, defendant claims its "defenses in this matter...should be apparent from the written discovery that has been exchanged by the [p]arties in this matter and from information provided as part of [defendant's] 30(b)(6) deposition." Id. ¶5.

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also LR. Civ. P. 16.1(f)(1). The Fourth Circuit Court of Appeals has stated the following on the good cause standard:

> "Good cause" requires "the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence," and whatever other factors are also considered, "the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that

2

> party's attorney) has not acted diligently in
> compliance with the schedule."

<u>Cook v. Howard</u>, 484 Fed. Appx. 805, 815 (4th Cir. 2012) (citing 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, <u>Federal Practice and Procedure Civ. 3d</u> § 1522.2 (3d ed. 2010)).

The court finds plaintiff has shown good cause to extend the discovery deadline. Of note, the court recognizes its ruling on the motion to dismiss will be determinative of the course this matter will take. Moreover, the court's ruling on the motion to dismiss may require defendant to file an answer and specify its affirmative defenses. While plaintiff's motion only seeks an extension of the discovery deadline, the court finds an extension of all unexpired deadlines to be appropriate.

Accordingly, for good cause shown, it is ordered that plaintiff's motion is GRANTED to the extent set forth below and that the remainder of the case shall proceed as follows:

| Deadline | Date |
|---|---|
| Discovery to close | 03/13/2023 |
| Dispositive motions deadline | 04/03/2023 |
| Response to dispositive motion | 04/17/2023 |
| Reply to response to dispositive motion | 04/24/2023 |
| Settlement meeting | 06/07/2023 |
| Motion in limine deadline | 06/14/2023 |
| Responses for motions in limine | 06/21/2023 |
| Proposed pretrial order to defendant | 06/12/2023 |
| Integrated pretrial order | 06/20/2023 |

| | |
|---|---|
| Pretrial conference | 07/07/2023  1:30 PM |
| Proposed jury charge | 07/17/2023 |
| Final settlement conference | 07/24/2023 10:00 AM |
| Trial | 07/25/2023  9:30 AM |

With the exception of the above modifications, the requirements and directives of the original scheduling order shall remain in effect.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: January 4, 2023

John T. Copenhaver, Jr.
Senior United States District Judge